**JIN BIN LI, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Michael B. Mukasey, United States Attorney General,[1] Respondents.**

No. 07–2529–ag.

United States Court of Appeals, Second Circuit.

Feb. 22, 2008.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B.

**40**

Dehai Zhang, Flushing, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; Mary Jane Candaux, Assistant Director; Regan Hildebrand, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as

PRESENT: Hon. WILFRED FEINBERG, Hon. ROGER J. MINER and Hon. CHESTER J. STRAUB, Circuit Judges.

### SUMMARY ORDER

Jin Bin Li, a native and citizen of the People's Republic of China, seeks review of a May 31, 2007 order of the BIA affirming the December 19, 2005 decision of Immigration Judge ("IJ") Robert Weisel, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jin Bin Li*, No. A95 928 959 (B.I.A. May 31, 2007), *aff'g* No. A95 928 959 (Immig. Ct. N.Y. City Dec. 19, 2005). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA does not expressly adopt the decision of the IJ, but its brief opinion closely tracks the IJ's reasoning, this Court reviews both the BIA's and the IJ's decisions for the sake of completeness. *See Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir.2006). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir.2007). The Court reviews *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003).

We conclude that the agency's finding that Li failed to meet his burden of proof was supported by substantial evidence. In

a respondent in this case.

his brief, Li concedes that he did not suffer past persecution. Rather, he argues that the agency erred in finding that he did not establish a well-founded fear of future persecution. As we have held, in order to establish asylum eligibility based on future persecution, an applicant must show that he or she subjectively fears persecution and that this fear is objectively reasonable. *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004). A fear is objectively reasonable "even if there is only a slight, though discernible, chance of persecution." *Diallo v. INS,* 232 F.3d 279, 284 (2d Cir. 2000) (citing *INS v. Cardoza–Fonseca,* 480 U.S. 421, 431, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987)). On the other hand, a fear is not objectively reasonable if it lacks "solid support in the record" and is merely "speculative at best." *Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir.2005) (per curiam).

Here, the BIA noted that Li "does not practice Falun Gong, and there is no evidence to establish the government has any current interest in him." Indeed, while Li claims that the police stated that "if they found [him], [he] would be punished," he bases his alleged fear of future prosecution entirely on one incident in which police searched for him in his home in 2002 and his assertion that "[f]requently they came to [his] relative's house and [his] house to look for" him during the period he was in hiding. As noted by the BIA, there is no indication that the police have continued to search for him since that time. Contrary to Li's argument, the record does not compel the conclusion that impute to him the support or practice of Falun Gong. Thus, absent some convincing showing that Chinese authorities maintain an active interest in Li or others similarly situated, we cannot find, contrary to the agency, that he established eligibility for asylum. Because the denial of asylum was proper on that ground alone, we need not reach the agency's adverse credibility finding.

Li's inability to meet the burden of proof for asylum necessarily precludes his eligibility for withholding of removal, which carries a higher burden of proof. *See* 8 C.F.R. § 208.16(b); *Ramsameachire,* 357 F.3d at 178. Further, because Li fails to challenge in his brief to this Court the agency's denial of his application for CAT relief, we deem any such argument waived. *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005) (holding that issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, Li's pending motion for a stay of removal in this petition is DISMISSED as moot.